IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSCENIC, INC., a Louisiana Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., a Delaware corporation, MICROSOFT CORPORATION, a Washington corporation, AMERICA ONLINE, INC. a Delaware corporation, and MAPQUEST, INC., a Delaware corporation, | Civil Action No. _____ <br><br> TRIAL BY JURY DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Transcenic, Inc., complains against Defendants Google Inc., Microsoft Corporation, America Online, Inc. and MapQuest, Inc., as follows:

**Nature of Action**

This is an action for patent infringement pursuant to 35 U.S.C. § 271. The patented technology relates to systems and methods for capturing spatial referenced images and for providing a three-dimensional positional database system for displaying the images and permitting navigation among the images using positional information and commands. The Defendants each make, use, provide, and control third-party access to interactive mapping websites and applications that display spatial referenced street-level imagery and provide interactive image navigation controls using systems and methods that infringe the patented technology.

**The Parties**

1. Transcenic, Inc. ("Transcenic") is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business at 3006 Country Club Road, Lake

Charles, Louisiana 70605. Transcenic has developed and continues to develop spatial referenced image capture, organization and display technology, including the patented technology.

2. Google Inc. ("Google") is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Google, conducts business in and is doing business in Delaware and in this District and elsewhere in the United States. Without limitation, Google supplies, promotes, offers to sell and sells products and services, including web-based applications, to customers in this District. Google is registered to do business in Delaware and has a designated registered agent in Delaware for purposes of service of process.

3. Microsoft Corporation ("Microsoft") is a corporation incorporated under the laws of the State of Washington with its principal place of business at One Microsoft Way, Redmond, Washington 98052-6399. Microsoft, by itself, and through one or more other entities owned, controlled or otherwise affiliated with Microsoft, conducts business in and is doing business in Delaware and in this District and elsewhere in the United States. Without limitation, Microsoft supplies, promotes, offers to sell and sells products and services, including and web-based applications, to customers in this District. Microsoft is registered to do business in Delaware and has a designated registered agent in Delaware for purposes of service of process.

4. America Online, Inc. ("AOL") is a corporation incorporated under the laws of the State of Delaware with a principal place of business at 22000 AOL Way, Dulles, Virginia 20166-9323. AOL, by itself, and through one or more other entities owned, controlled or otherwise affiliated with AOL, conducts business in and is doing business in Delaware and in this District and elsewhere in the United States. Without limitation, AOL supplies, promotes, offers to sell and sells

products and services, including web-based applications, to customers in this District. AOL is registered to do business in Delaware and has a designated registered agent in Delaware for purposes of service of process.

5. MapQuest, Inc. ("MapQuest") is a wholly owned subsidiary of AOL. MapQuest is incorporated under the laws of the State of Delaware with its principal place of business at 1555 Blake Street, 3rd Floor, Denver, Colorado 80202. On information and belief, MapQuest is also known as MapQuest.com and/or Mapquest.Com Merger Subsidiary, Inc. MapQuest conducts business in and is doing business in Delaware and in this District and elsewhere in the United States. Without limitation, MapQuest supplies, promotes, offers to sell and sells products and services, including web-based applications to customers in this District. MapQuest is registered to do business in Delaware and has a designated registered agent in Delaware for purposes of service of process.

**Jurisdiction and Venue**

6. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business conducted in this forum, including having (i) solicited business in the State of Delaware, transacted business within the State of Delaware and attempted to derive financial benefit from residents of the State of Delaware, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) placed its products and services into the stream of commerce throughout the United States and transacted business in Delaware and in this District; and

(iii) either alone or in conjunction with others, committed acts of infringement within this District, induced others to commit acts of infringement within this District, and/or contributed to infringing activities within this District.

8.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because each Defendant is subject to personal jurisdiction in this District, resides in, has regularly conducted business in this District and/or has committed acts of patent infringement in this District.

### Infringement of the '289 Patent

9.  Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 8, as if fully set forth herein.

10. On April 12, 2011, U.S. Patent No. RE42,289 E ("the '289 patent"), entitled "Spatial Referenced Photographic System With Navigation Arrangement," a copy of which is attached hereto as Exhibit A, was duly and legally issued to inventor Robert Vincent. The '289 patent was reissued from U.S. Patent 7,050,102, which originally issued on May 23, 2006.

11. The inventor, Mr. Vincent, assigned all right, title and interest in the '289 patent to Transcenic. Transcenic is currently the exclusive owner of the '289 patent and has the right to sue for and recover all past, present and future damages and other legal and equitable relief available for infringement of the '289 patent.

12. Defendant Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe claims of the '289 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, providing, selling and/or offering for sale systems and methods protected thereby within the United States and within this District. Google has been and is engaged in direct infringing activities with respect to at least its Google Maps with Street View website (accessible at http://maps.google.com/) and its web-based Google Earth application,

4

which provide spatial referenced street-level imagery and controls for navigating among images based on positional information (hereinafter "Street View System").  A representative screenshot from the Street View System is attached hereto as Exhibit B.

13. Google has placed and continues to place infringing systems into action or service, exercises control over the systems and obtains beneficial use of the infringing systems, and is thus liable for direct infringement under 35 U.S.C. § 271(a) based on making and using systems covered by the '289 patent.  Google has made and used and continues to make and use infringing systems, and has practiced and continues to practice infringing methods by at least one or more of: (1) providing and operating the Street View System, which Google designed as a spatial referenced photographic system that references and sorts images in a database system and displays images in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the Street View System is used and operated such that, when the Street View System is operated as intended by Google on a computer of an end user, each component and step of the patented systems and methods is used and performed in a manner dictated by the Street View System; (3) providing instructions and directions to end users regarding the use of the Street View System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the Street View System.  Google is further liable for direct infringement of the '289 patent because it practices, directs and controls the accused systems and methods, including any components and steps thereof which may be provided or practiced by third-party software or hardware according to the requirements of, and subject to the control of, the Street View System, such that Google is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software or hardware.

14. Plaintiff pleads in the alternative that Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement of the '289 patent by end users of the Street View System pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing the Street View System that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the Street View System is used such that, when the Street View System is operated as intended by Google on a computer of an end user, each component and step of the patented systems and method is used and performed in a manner dictated by the Street View System; (3) providing instructions and directions to end users regarding the use of the Street View System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the Street View System.  Google has engaged and/or will continue to engage in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '289 patent.

15. Plaintiff further pleads in the alternative that Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Street View System of claims of the '289 patent pursuant to 35 U.S.C. § 271(c) at least by providing software that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands for use by end users in practicing the patented methods and using the patented systems, knowing that such software is especially made or especially adapted for

use in infringing the patented systems and methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. Google's direct infringement, contributory infringement and/or inducement to infringe the '289 patent has injured Transcenic, and Transcenic is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

17. Unless enjoined by the Court, Google will continue to injure Transcenic by directly infringing, contributing to the infringement of and/or inducing infringement of the '289 patent.

18. Defendant Microsoft, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe claims of the '289 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, providing, selling and/or offering for sale systems and methods protected thereby within the United States and within this District. Microsoft has been and is engaged in direct infringing activities with respect to at least its Bing Maps with Streetside website (accessible at http://www.bing.com/maps/), which provides spatial referenced street-level imagery and controls for navigating among images based on positional information, and any previous websites or web-based applications which incorporate such features (potentially including MSN Virtual Earth, Live Search Maps, Windows Live Maps, and Windows Live Local) (hereinafter "Streetside System"). A representative screenshot from the Streetside System is attached hereto as Exhibit C.

19. Microsoft has placed infringing systems into action or service, exercises control over the systems and obtains beneficial use of the infringing systems, and is thus liable for direct infringement under 35 U.S.C. § 271(a) based on making and using systems covered by the '289 patent. Microsoft has made and used and continues to make and use infringing systems, and has practiced and continues to practice infringing methods by at least one or more of: (1) providing and

operating the Streetside System, which Microsoft designed as a spatial referenced photographic system that references and sorts images in a database system and displays images in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the Streetside System is used and operated such that, when the Streetside System is operated as intended by Microsoft on a computer of an end user, each component and step of the patented systems and methods is used and performed in a manner dictated by the Streetside System; (3) providing instructions and directions to end users regarding the use of the Streetside System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the Streetside System. Microsoft is further liable for direct infringement of the '289 patent because it practices, directs and controls the accused systems and methods, including any components and steps thereof which may be provided or practiced by third-party software or hardware according to the requirements of, and subject to the control of, the Streetside System, such that Microsoft is jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software or hardware.

20.     Plaintiff pleads in the alternative that Microsoft, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced and/or will continue to induce the direct infringement of the '289 patent by end users of the Streetside System pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing the Streetside System that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the Streetside System is used such that, when the Streetside System is operated as intended by Microsoft on a computer of an end user, each component and step of the patented

systems and method is used and performed in a manner dictated by the Streetside System; (3) providing instructions and directions to end users regarding the use of the Streetside System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the Streetside System. Microsoft has engaged and/or will continue to engage in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '289 patent.

21. Plaintiff further pleads in the alternative that Microsoft, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by end users of the Streetside System of claims of the '289 patent pursuant to 35 U.S.C. § 271(c) at least by providing software that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands for use by end users in practicing the patented methods and using the patented systems, knowing that such software is especially made or especially adapted for use in infringing the patented systems and methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. Microsoft's direct infringement, contributory infringement and/or inducement to infringe the '289 patent has injured Transcenic, and Transcenic is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

23. Unless enjoined by the Court, Microsoft will continue to injure Transcenic by directly infringing, contributing to the infringement of and/or inducing infringement of the '289 patent.

24. AOL and MapQuest, and each of them, jointly and severally (hereinafter "AOL Defendants") and/or through their subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe the claims of the '289 patent pursuant to 35 U.S.C. § 271(a)

by making, having made, using, providing, selling and/or offering for sale systems and methods protected thereby within the United States and within this District.  The AOL Defendants have been and are engaged in direct infringing activities with respect to at least their MapQuest with 360 View website (accessible at http://www.mapquest.com/), which provides spatial referenced street-level imagery and controls for navigating among images based on positional information (hereinafter "360 View System").  A representative screenshot from the 360 View System is attached hereto as Exhibit D.

25.     The AOL Defendants have placed and continue to place infringing card systems into action or service, exercise control over the systems and obtain beneficial use of the infringing systems, and are thus liable for direct infringement under 35 U.S.C. § 271(a) based on making and using systems covered by the '289 patent.  The AOL Defendants have made and used and continue to make and use infringing systems, and have practiced and continue to practice infringing methods by at least one or more of: (1) providing and operating the 360 View System, which the AOL Defendants designed as a spatial referenced photographic system that references and sorts images in a database system and displays images in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the 360 View System is used and operated such that, when the 360 View System is operated as intended by the AOL Defendants on a computer of an end user, each component and step of the patented systems and methods is used and performed in a manner dictated by the 360 View System; (3) providing instructions and directions to end users regarding the use of the 360 View System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the 360 View System.  The AOL Defendants are further liable for direct infringement of the '289 patent because they practice, direct and control the accused systems and methods, including any components and steps thereof which may be provided

or practiced by third-party software or hardware according to the requirements of, and subject to the control of, the 360 View System, such that the AOL Defendants are jointly and severally and/or vicariously liable for the components and acts provided by any such third-party software or hardware.

26.     Plaintiff pleads in the alternative that the AOL Defendants, and each of them, jointly and severally and/or through their subsidiaries, affiliates, agents, and/or business partners, have induced and/or will continue to induce the direct infringement of the '289 patent by end users of the 360 View System pursuant to 35 U.S.C. § 271(b) at least by one or more of: (1) providing the 360 View System that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands; (2) dictating via its design and instructions to users thereof the manner in which the 360 View System is used such that, when the 360 View System is operated as intended by the AOL Defendants on a computer of an end user, each component and step of the patented systems and method is used and performed in a manner dictated by the 360 View System; (3) providing instructions and directions to end users regarding the use of the 360 View System; and (4) amending, updating, enhancing, and providing ongoing support and maintenance for the 360 View System.  The AOL Defendants have engaged and/or will continue to engage in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '289 patent.

27.     Plaintiff further pleads in the alternative that the AOL Defendants, and each of them, jointly and severally, and/or through their subsidiaries, affiliates, agents, and/or business partners, have contributed to and/or will continue to contribute to the direct infringement by end users of the 360 View System of claims of the '289 patent pursuant to 35 U.S.C. § 271(c) at least by providing

software that is designed and intended to enable and control a spatial referenced image display and navigation system that references and sorts images in a database system and displays images from a spatial referenced image database in response to image navigation commands for use by end users in practicing the patented methods and using the patented systems, knowing that such software is especially made or especially adapted for use in infringing the patented systems and methods and not a staple article or commodity of commerce suitable for substantial non-infringing use.

28. The AOL Defendants' direct infringement, contributory infringement and/or inducement to infringe the '289 patent has injured Transcenic, and Transcenic is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

29. Unless enjoined by the Court, the AOL Defendants will continue to injure Transcenic by directly infringing, contributing to the infringement of and/or inducing infringement of the '289 patent.

**Prayer for Relief**

WHEREFORE, Transcenic prays for:

1. Judgment that the '289 patent is valid, enforceable, and infringed by each Defendant;

2 Injunctive relief prohibiting each Defendant, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

3. An award of damages not less than a reasonable royalty arising out of each Defendant's acts of patent infringement, together with pre-judgment and post-judgment interest;

4. Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

5. An award of Transcenic's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

6. Such other and further relief as the Court may deem just and proper.

### Jury Demand

Transcenic demands trial by jury.

July 1, 2011

BAYARD, P.A.

/s/*Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Counsel for plaintiff*

OF COUNSEL:
Timothy P. Maloney
Eric L. Broxterman
Christine Abuel Pompa
David A. Gosse
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
(312) 577-7000

and

Steven C. Schroer
FITCH, EVEN, TABIN & FLANNERY
1942 Broadway, Suite 213
Boulder, Colorado 80302
(303) 402-6966