IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRANSCENIC, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE INC., MICROSOFT CORPORATION, AMERICA ONLINE, INC., and MAPQUEST, INC.,<br><br>    Defendants. | C. A. No. 11-582-LPS<br><br>REDACTED<br>PUBLIC VERSION |

## GOOGLE INC.'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT

OF COUNSEL:

Ramsey M. Al-Salam
Ryan J. McBrayer
Stevan R. Stark
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Victoria Q. Smith
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650-838-4300

Dated: November 10, 2014

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant*
*GOOGLE INC.*

Google has moved for summary judgment of non-infringement for claims of the '289 patent that require the display of a "camera path." There is no genuine dispute of what Google's accused Street View product displays—blue lines on streets where imagery is available. Transcenic argues, in essence, that because Google indicates where some imagery is available, a camera must have traveled there. This is not the issue—Google does not dispute that Street View identifies road segments where at least some imagery is available.[1] The claim language does not recite an indication of where imagery is available. Instead, the claim language requires the display of the camera path, which the Court has construed as "the path along which the camera has traveled." D.I. 422 at 3. Google's overlay shows, at most, segments where *some* camera has traveled. It does not, however, show the path of any specific camera. Paths have beginnings and ends. In that regard, the Court expressly held that "camera path" does not include portions of the paths where the camera has not yet traveled.

Further, and contrary to Transcenic's arguments, the construction of "camera path" to mean where an individual camera actually began and ended its travel is consistent with the patent specification. As an initial matter, the patent never discloses the use of a car or vehicle to carry a camera. Instead, the only disclosure is a camera carried by an individual. *See e.g.*, Ex. A ('289 patent) at 14:23-25 ("the velocity is set to be the average velocity of a person walking"). Accordingly, there is no disclosure indicating that Mr. Vincent contemplated a camera path consisting of roads traveled by vehicles.

---

[1] REDACTED

All exhibits cited herein are attached to the Declaration (D.I. 485, 486, 487, 492), Second Declaration (D.I. 516, 519), and Third Declaration of Jason J. Rawnsley in support of Google's summary judgment and Daubert briefs.

Instead, Mr. Vincent contemplated that the camera path would be the path a person walked while capturing images. The camera path is the "path 10123 over which the camera was moved during the process of recording the sequential images." *Id.* at 21:29-32. The '289 patent explains in Figure 19 that the path is defined by "red dots [that] are spaced apart to produce a dotted line effect following the path of the camera as it moves along the path in the X and Y directions. The color of the remaining points along the track is blue." *Id.* 21:46-50. There is nothing, anywhere in the '289 patent, that suggests that the "camera path" is simply where images are available, and is the result of multiple image collection efforts. Instead, a person of ordinary skill in the art would understand that the path is the path where a specific camera ("the" camera) began and ended its image collection run.

Transcenic accuses Google of attempting to rewrite the claims, but it is Transcenic that chose to use the language "camera path." Transcenic did not claim "an indication of where imagery is available."

Finally, summary judgment should also be granted with respect to any claim under the doctrine of equivalents. Although Transcenic asserts that Google's blue overlays perform the same *function* as a camera path, Transcenic has failed to provide testimony or evidence particularly pointing out and establishing any fact issues related to the doctrine of equivalents. Dr. Bajaj did not, for example, provide any detailed explanation or testimony on the *way* the blue overlay is generated. The Federal Circuit has consistently affirmed that the doctrine of equivalents cannot be asserted in the absence of such testimony. *See Miken Composites, L.L.C. v. Wilson Sporting Goods Co.*, 515 F.3d 1331, 1340-41 (Fed. Cir. 2008).

For the reasons above, summary judgment of non-infringement should be granted to Google on the "camera path" claims.

OF COUNSEL:

Ramsey M. Al-Salam
Ryan J. McBrayer
Stevan R. Stark
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
RAlsalam@perkinscoie.com
RMcBrayer@perkinscoie.com
SStark@perkinscoie.com

Victoria Q. Smith
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650-838-4300
VSmith@perkinscoie.com

Dated: November 10, 2014

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com

*Attorneys for Defendant*
*GOOGLE INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and served true and correct copies on the following counsel as indicated:

**VIA E-MAIL**

Richard D. Kirk
Stephen B. Brauerman
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*
*Transcenic Inc.*

**VIA E-MAIL**

Christine Abuel Pompa
David A. Gosse
Eric L. Broxterman
Timothy P. Maloney
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, IL 60603
cpompa@fitcheven.com
dgosse@fitcheven.com
ebroxterman@fitcheven.com
tpmalo@fitcheven.com

*Attorneys for Plaintiff*
*Transcenic Inc.*

**VIA E-MAIL**

Steven C. Schroer
FITCH, EVEN, TABIN & FLANNERY
1942 Broadway, Suite 213
Boulder, CO 80302
scschr@fitcheven.com

*Attorneys for Plaintiff*
*Transcenic Inc.*

/s/ Jason J. Rawnsley
Jason J. Rawnsley (#5379)
rawnsley@rlf.com