IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSCENIC, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 11-582-LPS |
| GOOGLE, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 22nd day of December, 2014, having reviewed the parties' proposed pretrial order including briefing on various motions *in limine* ("MIL") (D.I. 558 Schedules C, D, E, F, G, H),

**IT IS HEREBY ORDERED** that:

1. Plaintiff Transcenic, Inc.'s ("Transcenic") MIL 1 is **DENIED**. The witnesses Transcenic describes as previously undisclosed were adequately disclosed by Defendant Google, Inc. ("Google"), including by incorporating by reference a former defendant's initial disclosures, which included "authors of prior art publications or inventors of patents relevant to the subject matter of the RE '289 patent [i.e., the patent-in-suit]."

2. Transcenic's MIL 2 is **GRANTED**. Google can present evidence and make its arguments with respect to non-infringing components of Street View without presenting evidence and argument that Google has patents on any such components of Street View. Under Federal Rule of Evidence 403, the risk of unfair prejudice to Transcenic and confusion of the jury substantially outweigh any minimal probative value of evidence of Google having patents on

1

non-accused components of Street View.

3. Transcenic's MIL 3 is **GRANTED**. Under Rule 403, the risk of unfair prejudice to Transcenic and confusion of the jury substantially outweigh any minimal probative value of evidence of Google's very recent request for reexamination (a request which has not yet been acted on by the PTO). However, Transcenic will not be permitted to argue that reexamined claims are entitled to an increased presumption of validity.

4. Google's MIL 1, to preclude evidence of Google's size, wealth, and overall revenue, will be argued at the pretrial conference.

5. Google's MIL 2, to limit Transcenic's reliance on Google sourcecode, is **DENIED**. While Transcenic's expert will not be permitted to testify to *opinions* that are beyond the scope of what he previously and properly disclosed, he will not necessarily be "prohibited from offering testimony regarding (1) any particular code routine, function, line or instruction from Google source code for the purposes of supporting his infringement analysis, and (2) any Google source code that he did not previously identify in his expert reports" (D.I. 558 Schedule G1 at 1), as Google unpersuasively requests.

6. Google's MIL 3, to exclude evidence of the Waze acquisition, will be argued at the pretrial conference.

_____
UNITED STATES DISTRICT JUDGE