IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRANSCENIC, INC.,

        Plaintiff,

   v.                           C.A. No. 11-582-LPS

GOOGLE, INC.,

        Defendant.

## MEMORANDUM OPINION

Richard D. Kirk, Stephen B. Brauerman, Vanessa R. Tiradentes, BAYARD, P.A., Wilmington, DE.

Timothy P. Maloney, Eric L. Broxterman, Christine A. Pompa, FITCH, EVEN, TABIN & FLANNERY, Chicago, IL.

Steven C. Schroer, FITCH, EVEN, TABIN & FLANNERY, Boulder, CO.

    Attorneys for Plaintiff.

Frederick L. Cottrell, III, and Jason J. Rawnsley, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE.

Ramsey M. Al-Salam, Ryan McBrayer, Stevan R. Stark, Jr., PERKINS COIE LLP, Seattle, WA.

Victoria Q. Smith, PERKINS COIE LLP, Palo Alto, CA.

    Attorneys for Defendant.

December 22, 2014
Wilmington, Delaware

*/s/ Leonard P. Stark*

**STARK, U.S. District Judge:**

Pending before the Court are: (1) Google's Motion for Partial Summary Judgment of Non-Infringement (D.I. 480); and (2) Google's Motion for Summary Judgment of Invalidity (D.I. 482). For the reasons discussed below, the Court will deny Google's motions.[1]

## I. INTRODUCTION

Plaintiff Transcenic, Inc. ("Transcenic") initiated the instant patent infringement action against Google, Inc. ("Google") ("Defendant"), Microsoft Corporation ("Microsoft"), AOL Inc. ("AOL"), and MapQuest Inc. ("Mapquest") (collectively, "Defendants") on July 1, 2011. (D.I. 1) Transcenic alleges that Defendants infringe U.S. Patent No. RE42,289 (the "'289 patent" or "the patent-in-suit"). (*Id.*) The '289 patent is entitled "Spatial Referenced Photographic System With Navigation Arrangement" and relates to a system for capturing image data along with positional information, processing the image data, linking it to the positional information, and displaying the image data, together with interactive controls that allow a user to navigate through the image data. Microsoft, AOL, and MapQuest were dismissed in accordance with stipulations submitted by the parties on January 3, 2014 (D.I. 428) and June 6, 2014 (D.I. 465).

A jury trial against the remaining Defendant, Google, is scheduled to commence on January 12, 2015.

## II. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] Various other motions are pending in this case. They will be addressed separately, by opinion, order, and/or at the pretrial conference scheduled for tomorrow, December 23.

1

Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). An assertion that a fact cannot be – or, alternatively, is – genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a ***genuine issue for trial***." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted) (emphasis in original). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" and a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). Thus, the "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient to defeat a motion for summary judgment; there must be "evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

In large part, the issues presented by Google's summary judgment motions present a "battle of the experts" that is not amenable to resolution prior to the presentation of evidence, including testimony. *See generally Transonic Sys., Inc. v. Non-Invasive Med. Techs. Corp.*, 143 F. App'x 320, 330 (Fed. Cir. July 25, 2005) (noting "expert testimony sufficient to raise a genuine issue of material fact"); *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1036 (9th Cir. 2003) (denying summary judgment because determination of "[w]ho is correct in this battle of experts is not for [the Court] to decide"); *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1364 (Fed. Cir. 1998) (affirming denial of summary judgment based on "summary judgment papers . . . not [being] sufficient to resolve the differences in expert opinion"). Having reviewed the briefing, expert reports, and other evidence submitted by the parties, the Court concludes that summary judgment is not appropriate on either non-infringement or invalidity due to obviousness.

3


### A. Google's Motion for Partial Summary Judgment of Non-Infringement

Summary judgment of non-infringement may be granted only if one or more limitations of the claim in question does not read on an element of the accused product, either literally or under the doctrine of equivalents. *See Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005); *see also TechSearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1369 (Fed. Cir. 2002) ("Summary judgment of noninfringement is . . . appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, because such failure will render all other facts immaterial."). Thus, summary judgment of non-infringement can only be granted if, after viewing the facts in the light most favorable to the patentee, there is no genuine issue as to whether the accused product is covered by the claims (as construed by the Court). *See Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1304 (Fed. Cir. 1999).

The record evidence relating to this motion raises genuine issues of material fact. Google contends that the "blue overlay on a plan view map showing where Street View imagery is available" does not display a "path along which the camera has traveled," as required by the Court's claim construction order regarding the "camera path" limitation of claims 1, 2, 10, 13, 16, 17, 19, and 23. (D.I. 484 at 29) Google argues that the blue overlay will appear over an entire road segment even if just one image is captured by a camera that only traveled part of the road segment, and that the Court expressly construed "camera path" to exclude "any portion of the path over which the camera has not yet traveled." (D.I. 530 at 1) (citing D.I. 421 at 12) Google further asserts that the doctrine of equivalents, which allows the accused element to be "insubstantially different" from the claimed element, *see Warner-Jenkinson Co. V. Hilton Davis Chem. Co.*, 520 U.S. 17, 37-40 (1997), does not apply because the function of the blue overlay is

to show where imagery is available rather than where any particular camera traveled. (D.I. 484 at 30)

Transcenic's expert, Dr. Chandrajit Bajaj, disagrees with Google's interpretation of the camera path limitation as referring to the entire route of a particular camera, and his expert report explains how, in his opinion, Street View meets the camera path limitations of claims 1, 2, 10, 13, 16, 17, 19, and 23. (D.I. 509 at 5-6 (citing D.I. 530 Ex. 2 at ¶¶ 130, 132, 181-82, 188-92, 244, 248, 270, 312-15; *Id.* Ex. 3 at ¶¶ 37-62)) Furthermore, with respect to doctrine of equivalents, Transcenic contends that the overlays indicate where imagery is available or where a "camera traversed" and, in this respect, serve the same function of "show[ing] locations where images are available as the result of a camera having traveled to those locations." (D.I. 509 at 7-8)

A reasonable juror, taking all the evidence in the light most favorable to Transcenic, could find that Street View meets the "camera path" limitation of claims 1, 2, 10, 13, 16, 17, 19, and 23 of the patent-in-suit literally or under the doctrine of equivalents. Accordingly, the Court will deny Google's Motion for Partial Summary Judgment of Non-Infringement.

### B. Google's Motion for Summary Judgment of Invalidity

Google contends that the '289 patent is invalid because the Palenque system and the Ohio State University GPS Van ("GPS Van") – which Google contends are "directed at a database of images with associated orientation and position information, and a user interface that allows users to navigate among the images" – render the patent's claims anticipated and obvious in violation of 35 U.S.C. §§ 102 and 103, respectively. (D.I. 484 at 12) Google moves for summary judgment of invalidity due to obviousness.

5

Because patents are presumed to be valid, a finding of invalidity must be supported by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2239 (2011). A patent is invalid if the claimed invention would have been obvious to one of ordinary skill in the art. *See* 35 U.S.C. § 103(a). Obviousness is a question of law, with underlying factual considerations regarding "(1) the scope and content of the prior art, (2) the differences between the prior art and the claimed invention, (3) the level of ordinary skill in the art, and (4) any relevant secondary considerations." *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 991 (Fed. Cir. 2009); *see also* D.I. 484 at 12-13. Among other things, assessing obviousness requires assessment of whether there would have been a motivation to combine prior art references. *See, e.g., KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418.

As a preliminary matter, Transcenic disputes that the Palenque system properly qualifies as prior art because its inner workings and certain documents related to its development were never "publicly used." *See* 35 U.S.C. § 102(a); *see also* D.I. 512 at 7-10. A reference qualifies as prior art if it was disclosed to a third party with "no attempt to maintain confidentiality or to deliberately evade disclosure." *See Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1334 (Fed. Cir. 2005). However, "when disclosure is limited to a small number of uninformed observers there may be no reason to believe that a viewer . . . could thereby learn anything of [the later-patented invention] and disclose the invention to others." *Dey, L.P. v. Sunovion Pharms., Inc.*, 715 F.3d 1351, 1356 (Fed. Cir. 2013) (internal quotation marks omitted). Google has presented undisputed evidence that a demonstration of the Palenque system was disclosed in 1987 at a Microsoft-sponsored conference, after which there were no efforts to keep the system

6

secret. (*See* D.I. 485 Ex. T at 44, 45, 167) It is also undisputed that the Palenque system was further disclosed in Dr. Wilson's dissertation, at other industry and academic conferences, in articles, and to children who used it at the Bank Street location where it was kept. (*See id.* at 13-15, 72-80) However, Transcenic argues that Google's motion for summary judgment of invalidity relies on elements of the Palenque system that were not disclosed, such as the hand-drawn maps that were kept in Dr. Wilson's personal files. (*See* D.I. 512 at 9) While Google does not dispute that certain relied-upon documents were not publicly disclosed, it asserts that "the public need not have access to the 'inner workings' of a device for it to be considered 'in public use' or 'used by others.'" *See Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1569-70 (Fed. Cir. 1997); *see also In re Epstein*, 32 F.3d 1559, 1567-68 (Fed. Cir. 1994) ("Beyond this 'public use or on sale' finding, there is no requirement for an enablement-type inquiry."). Based on the record, the Court concludes that the Palenque system does constitute prior art.

However, the record reveals genuine disputes of material fact as to whether the Palenque system, the GPS Van, and/or the Kemp camera renders any of the claims of the patent-in-suit obvious. Both parties have presented extensive expert opinion on the issue of obviousness, Transcenic from its expert Dr. Bajaj and Google from its expert Dr. Fuchs. The experts' competing analyses are imbued with genuine disputes of material fact. For instance, Dr. Fuchs opines that it would have been obvious to one of ordinary skill in the art to have combined Palenque and the Kemp camera to arrive at an automated process. (*See, e.g.*, D.I. 485 Ex. L at ¶ 222) To the contrary, Dr. Bajaj opines that it would not be obvious to combine the prior art references, given the different contexts and audiences for which the prior art references were developed. (*See, e.g.*, D.I. 514 Ex. 3 at 207-08) A reasonable juror could agree with either

7

expert on this and other material disputed factual issues.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Google's motions for partial summary judgment of non-infringement and for summary judgment of invalidity due to obviousness. An appropriate order follows.