IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSCENIC, INC., | : | |
|        Plaintiff, | : | |
| v. | : | C.A. No. 11-582-LPS |
| GOOGLE, INC., | : | |
|        Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 9th day of January, 2015, having reviewed the parties' letters regarding their proposed curative jury instructions (D.I. 572, 574),

**IT IS HEREBY ORDERED** that:

1. The Court will read the following curative jury instruction:

Although Google's Street View system is what is accused of infringement, you [will hear / have heard] evidence about Google's revenues from products that do not include Street View, including its overall advertising revenues. These revenues arise from Google's "AdWords" program, through which businesses buy advertising on Google Search result pages.

There are several things you must keep in mind when considering such evidence.

First, this evidence is only to be considered if you find that Transcenic is entitled to damages. In other words, such evidence is irrelevant unless Transcenic has proven infringement of at least one asserted claim of the '289 patent that Google has not proven is invalid.

Second, you may not consider Google's overall revenue as evidence that Google should pay any damages or should pay more because it can afford to do so.

Third, when there is a finding of infringement of a valid patent, that

1

finding gives the patentholder the right to compensation, but the compensation is only for the infringer's use of the patented technology. This means that, in determining a reasonable royalty, you may only award damages calculated from Google's overall advertising revenue if Transcenic separates or apportions that overall revenue to the part attributable to the use of the patented technology. Transcenic bears the burden to establish the amounts directly attributable to the patented technology.

2. The Court will read the above instruction twice: (1) immediately before Ms. Michele Riley, Transcenic's damages expert, testifies, and (2) towards the end of the jury instructions on damages, at a point to be specifically determined when the jury instructions are finalized.

_____
UNITED STATES DISTRICT JUDGE